UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MARK ALLEN MARSHALL, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-00432-JPH-MKK |
| | ) | |
| DOUG VANTLIN Knox County Sheriff, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO SUBMIT NEW EVIDENCE,
GRANTING MOTION FOR SUMMARY JUDGMENT,
AND DIRECTING ENTRY OF FINAL JUDGMENT**

On September 3, 2024, Mark Allen Marshall, Jr., filed this action under 42 U.S.C. § 1983 concerning the living conditions at the Knox County Jail, where he was detained while awaiting trial. Mr. Marshall is proceeding on a Fourteenth Amendment claim that Defendant Sheriff Doug Vantlin detained him at the jail in conditions that are inhumane and hazardous. Dkt. 1; dkt. 12 (screening order). Sheriff Vantlin moves for summary judgment arguing that Mr. Marshall failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before filing this lawsuit. Dkt. [20]. For the reasons explained below, that motion is **granted**, and the action is **dismissed without prejudice.**

**I.
Motion to Submit New Evidence**

Mr. Marshall asks to submit new evidence of a grievance that he initiated in August 2025. Dkt. 25; dkt. 25-1. The PLRA requires that administrative remedies be fully exhausted *before* filing suit. 42 U.S.C. § 1997e(a). Because Mr.

1

Marshall filed this case in September 2024, that new grievance is not relevant to the question of whether he complied with the PLRA in this lawsuit. *See Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) ("By its plain terms, the PLRA requires prisoners to exhaust administrative remedies *before* filing suit; a 'sue first, exhaust later' approach is not acceptable."). To the extent Mr. Marshall argues that his later grievances show that the grievance process was not available to him before filing this lawsuit, the tendered evidence from August 2025 does not affect whether the grievance process may have been unavailable to him before September 2024. *See* dkt. 25-1; *Wallace v. Baldwin*, 55 F.4th 535, 543 (7th Cir. 2022) (addressing whether "administrative remedies were 'unavailable' at the time of his injury"). Therefore, the Court **denies** the motion to submit new evidence. Dkt. [25].

**II.**
**Summary Judgment Standard of Review**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to

2

consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573–74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

**III.**
**Factual Background**

**A. Grievance Process**

The Jail has a grievance procedure that is laid out in the Inmate Handbook. Dkt. 21-2 at 1 (Kolhouse Declaration). Inmates usually submit grievances through an electronic kiosk or handheld device. *Id.* at 2. Inmates log in with a unique pin number and select the type of communication, including grievance, request, or medical request. *Id.* Submissions are sent to dedicated email addresses depending on the type of submission. *Id.* Thus, grievances are sent to the "Grievance" email box, while general and medical requests go to their respective email addresses. *Id.*

There are four stages of the grievance process: (1) informal resolution, (2) appeal to the Captain (a "Level 1" grievance), (3) appeal to the Jail Commander (a "Level 2" grievance), and (4) appeal to the Sheriff (a "Level 3" grievance). Dkt. 21-2 at 21-22 (Inmate Handbook). The Captain has fourteen days to respond to a Level 1 grievance, excluding holidays, weekends, and vacations. *Id.* at 22.

### B. Plaintiff's Participation in the Grievance Process

Mr. Marshall claims in this case that he suffered unconstitutional conditions of confinement at the Knox County Jail, including toilets in disrepair, including one that has been filled with waste for months; toilets leaking water onto the floor, making it slippery and dangerous; electrical wires exposed in the showers; tables and chairs missing most of their hardware; and missing or unstuffed mattresses. Dkt. 1; dkt. 12.

In 2024, Mr. Marshall submitted four Level 1 grievances between August 18 and October 18, complaining of the conditions of the jail. Dkt. 21-2 at 25-28 (Grievances). The Captain responded to each grievance within five days. *Id.* Mr. Marshall did not submit a Level 2 grievance to the Jail Commander or a Level 3 grievance to the Sheriff within the timeframe to do so. Dkt. 21-2 at 3. Mr. Marshall "also on multiple occasions brought his concerns to Jail Captain Kohlhouse, as well as Commander Parish, as well as all lesser staff." Dkt. 23 at 2 (sworn response).

### IV.
### Discussion

The PLRA requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's

exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted).

"To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (*citing Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). "An inmate must comply with the administrative grievance process that the State establishes." *Id.*

Though Mr. Marshall alerted various jailhouse staff to the conditions of his confinement that are at issue in this lawsuit, he failed to strictly comply with the grievance process as required by the PLRA. The uncontested designated evidence is that he did not appeal any of his Level 1 grievances to Level 2 or Level 3, so his administrative remedies went unexhausted. Dkt. 21-2 at 2, 25-28. Under the PLRA, the Court must grant summary judgment in favor of Sheriff Vantlin. *Ross v. Blake*, 578 U.S. 632, 639 (2016) (The PLRA's "mandatory language means a court may not excuse a failure to exhaust.").

## V.
## Conclusion

Mr. Marshall's motion to submit new evidence, dkt. [25], is **denied**.

Sheriff Vantlin's motion for summary judgment, dkt. [20], is **granted** because Mr. Marshall failed to exhaust his administrative remedies before filing this lawsuit.

Judgment dismissing this action without prejudice shall now issue.

**SO ORDERED.**

Date: 3/31/2026

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MARK ALLEN MARSHALL, JR.
204431
Wabash Valley — CF
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
Carlisle, IN 47838

Jonathan E Halm
Kightlinger & Gray, LLP
jhalm@k-glaw.com